## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT J. HARRIS,

     Plaintiff,

     v.                               No. CV 13-0114 MCA/KBM

JONI BROWN, WARDEN,
MR. DEL PALACIO, MAIL ROOM OFFICES/
STIU OFFICERS,
MRS. HART,
MR. CROCKER, DISCIPLINARY OFFICER,
MS. STEEN,
MS. GARCIA, CASEWORKER,
ROSWELL CORRECTIONAL CENTER,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Complaint brought under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants failed to follow Corrections Department policies when they gave Plaintiff a "low evaluation" and forfeited good time credits against his sentence.  Plaintiff was not allowed to pursue grievances against these disciplinary actions.  He also alleges that "the facility" refused to reimburse his inmate account for the cost of an item of personal property that he had purchased and that was later confiscated.  Plaintiff contends that Defendants' actions have violated his constitutional protections.  He seeks reimbursement of the cost of the personal property, restoration of forfeited good time credits, damages, and other equitable relief.

No relief is available on Plaintiff's claims relating to disciplinary proceedings.  First, a claim for restoration of good time credits must be brought in a habeas corpus petition.  *See Kailey v. Ritter*, No. 11-1372, 2012 WL 5236309, at *2 (10th Cir. Oct. 24, 2012) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen . . . the relief he seeks is . . . a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")).  Second, a resulting damages claim for wrongful forfeiture of good time credits is barred under the rule in *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), unless the forfeiture has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  And third, allegations of violations of grievance procedures do support a constitutional claim.  *See Merryfield v. Jordan*, 431 F. App'x 743, 749-50 (10th Cir. July 27, 2011).  The Court will dismiss Plaintiff's claims relating to the disciplinary proceedings.

Nor is relief available on Plaintiff's allegation that Defendants failed to reimburse his inmate account.  Plaintiff bought an AC adaptor for an electronic device at the correctional center.  "The

facility" subsequently confiscated the adaptor because Plaintiff was "not eligible to have" the item. He does not allege that either the debit of his account or the confiscation was improper.  He argues that his inmate account should be reimbursed for the cost of the item because he bought it at the facility.  "[W]e . . . review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.' "  *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th. Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).  Here, a financial loss resulting from a conflict between a commissary transaction and security measures taken by officers does not amount to a violation of a constitutionally protected property interest.  *See Ziegler v. Whitney*, 112 F. App'x 699, 700 (10th Cir. 2004) (applying *Sandin* standard to institutional determinations regarding inmate accounts).  Plaintiff's allegation of failure to reimburse does not state a plausible claim of constitutional violation, and this claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's damages claim for forfeiture of good time credits is DISMISSED without prejudice; otherwise the Complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE